**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 14-cv-0283-WJM-KLM

CECILIA CLYNE,

     Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

     Defendant.

---

**ORDER *SUA SPONTE* REMANDING CASE**

---

This matter is before the Court *sua sponte* on Defendant's Notice of Removal (the "Notice"). (ECF No. 1.) In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

In the Notice, Defendant avers that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). (ECF No. 1 ¶ 21.) Section 1332(a)(1) states that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." The Notice sufficiently alleges that the Plaintiff and Defendant are citizens of different states. (ECF No. 1 ¶¶ 3 & 5.) The only

issue here is whether there is sufficient evidence that the amount in controversy exceeds $75,000.

In a removed case, the burden of proving plaintiff's claim satisfies the jurisdictional amount in controversy is on the defendant. *Martin v. Franklin Capital Corp.,* 251 F.3d 1290 (10th Cir. 2001). Here, the Notice of Removal indicates a sum certain damages request of $39,373.62, far below the required $75,000 minimum. The Defendant attempts to arrive at the $75,000 minimum by alleging Plaintiff seeks other economic and non-economic damages of an unspecified amount, and that, if Plaintiff should succeed on her claim under Colorado Revised Statute § 10-3-1116(1), she may be able to recover two times the covered benefit. (ECF No. 1 ¶¶ 16-18.) Defendant also alleges that the Court should consider any possible attorneys' fees that may be awarded to Plaintiff. (*Id.* at ¶ 17.)

The Court acknowledges that two times the amount of alleged damages would exceed the $75,000 jurisdictional threshold. However, Defendant's damages calculation plainly ignores Plaintiff's admission in her Complaint that she has already recovered $50,000 for her injuries from at-fault driver's insurance company. (ECF No. 1-1 ¶ 15.) Plaintiff would not be permitted to double-recover these damages, which significantly decreases the probable damages award and makes Defendant's allegation that the amount in controversy exceeds $75,000 pure speculation.

The Court must keep in mind that the "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; . . . where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Martin,* 251 F.3d 1290. There is a presumption against removal jurisdiction and,

therefore, all doubts are resolved in favor of remand. *See, e.g., Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001).  Given the presumption against subject matter jurisdiction, the Court finds that the Notice of Removal is insufficient to meet Defendant's burden of establishing jurisdiction.

Accordingly, the above-captioned action is *sua sponte* REMANDED to the District Court for the County of Denver, Colorado.  The Clerk shall transmit the Record.

Dated this 12th day of February, 2014.

BY THE COURT:

William J. Martinez
United States District Judge